UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MINOR CHILDREN,<br><br>Plaintiffs,<br><br>vs.<br><br>ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br><br>Defendant. | CIVIL ACTION NO.: _____<br><br>JUDGE [•••••••••••••]<br><br>MAGISTRATE JUDGE [•••••••••••••] |

## NOTICE OF REMOVAL

Defendant, The Roman Catholic Church of the Archdiocese of New Orleans (hereinafter, the "**Archdiocese**" or "**Debtor**"), through undersigned counsel, hereby removes the above-captioned civil action (the "**State Court Action**"), and all claims and causes of action therein, from the Civil District Court for the Parish of Orleans to this Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Notice of Removal, the Archdiocese respectfully states as follows:

## BACKGROUND

1. The Catholic Church is today, and has been for more than three centuries, a vital part of the city of New Orleans and surrounding areas. Catholic institutions began ministries in what would become the state of Louisiana before New Orleans was founded in 1718. Created as a diocese in 1793, and established as an archdiocese in 1850, the Archdiocese of New Orleans has educated hundreds of thousands in its schools, provided religious services to millions in its churches and provided charitable assistance to countless individuals in need, including those affected by hurricanes, floods, natural disasters, war, civil unrest, plagues, epidemics and illness.

2. On May 1, 2020, the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Louisiana (the "**Bankruptcy Court**"). The Archdiocese's bankruptcy case is designated as *In re Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (the "**Chapter 11 Case**").

3. Since the Chapter 11 Case was commenced, the Debtor has remained in possession of its property and is managing its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. On August 15, 2022, Plaintiffs commenced the State Court Action by filing a petition (the "**Petition**") in the Civil District Court for the Parish of Orleans (the "**State Court**") against the Archdiocese. *See Minor Children v. Roman Catholic Church of the Archdiocese of New Orleans*, Civil Action No. 2022-07280.

5. The State Court Action is a putative class action against the Debtor that asserts unlawful discrimination against prospective students with disabilities.

6. By this Notice of Removal, the Archdiocese removes the State Court Action to this Court.

**GROUNDS FOR REMOVAL**

7. Removal of the State Court Action is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

8. Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as the State Court Action, provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is

pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Section 1334(b), in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

10. Jurisdiction over a proceeding that is "related to" a bankruptcy case "is the broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related to' jurisdiction has been defined quite broadly.").

11. An action is "related to" a bankruptcy case if the outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original). Under this test, "[c]ertainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Cochran v. Johnson & Johnson,* No. H-19-1451, 2019 U.S. Dist. LEXIS 117954, at *3-4 (S.D. Tex. Jul. 16, 2019) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007)).

12. The State Court Action is related to the Archdiocese's Chapter 11 Case and therefore, is removable under 28 U.S.C. § 1452(a) because, *inter alia*:

- In the Petition, Plaintiffs request declarations that the Debtor has violated the law, and further seek mandatory injunctions requiring the Debtor to take certain actions. *See Specialty Assocs. V. Werowinski (In re CEI Roofing, Inc.)*. 315 B.R. 61, 67 (Bankr. N.D. Tex. 2004).

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13. Removal of the State Court Action is timely pursuant to Bankruptcy Rule 9027(a)(3). This Notice of Removal is being filed within thirty (30) days after receipt of a copy of the Petition, the initial pleading setting forth the claims and causes of action sought to be removed.

14. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1) because the State Court is located in the district and division of this Court.

15. For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the State Court Action, the Archdiocese consents to the entry of final orders or judgment by the Bankruptcy Court, to the extent applicable.

16. In accordance with Bankruptcy Rule 9027(a)(1), attached as **Exhibit A** is a true and correct copy of the Petition for Damages that was filed in the State Court Action.

17. Pursuant to Bankruptcy Rules 9027(b) and (c), the Archdiocese will promptly serve a copy of this Notice of Removal on all parties to the State Court Action, and will file a copy of the same with the Clerk of the State Court.

18. Because the Archdiocese is removing under § 1452(a), consent or joinder from other defendants is not required. *See, e.g.*, *Satterwhite v. Guerrero (In re Guerrero)*, No. 12-35341, 2013 Bankr. LEXIS 5346, at *12 (Bankr. S.D. Tex. Dec. 20, 2013) ("Because any one *party* may remove an action under § 1452, consent is irrelevant.") (emphasis in original).

19. The parties to the State Court Action are **HEREBY NOTIFIED** that removal of the State Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).

20. The Archdiocese reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove the State Court Action.

21. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any defenses available to the Archdiocese.

Dated: August 31, 2022                    Respectfully submitted,

                                                        */s/ Mark A. Mintz*
                                                       MARK A. MINTZ (#31878)
                                                       EDWARD D. WEGMANN (#13315)
                                                       ALLISON B. KINGSMILL (#36532)
                                                       SAMANTHA OPPENHEIM (#38364)
                                                       Jones Walker LLP
                                                       201 St. Charles Avenue, Floor 51
                                                       New Orleans, LA 70170
                                                       Telephone:   504-582-8368
                                                       Facsimile:    504-589-8368
                                                       Email:        mmintz@joneswalker.com
                                                                              dwegmann@joneswalker.com
                                                                              akingsmill@joneswalker.com
                                                                              soppenheim@joneswalker.com

***Attorneys for Defendant, The Roman Catholic Church of the Archdiocese of New Orleans***

## CERTIFICATE OF SERVICE

I hereby certify, on this 31st day of August 2022, that a true and correct copy of the foregoing Notice will be served, by email or United States mail, within a reasonable period of time, upon the following:

**Attorneys for Minor Children**

Chris Edmunds
*Chris Edmunds Law Office, LLC*
4937 Hearst St., Ste. 2F
Metairie, LA 70001
chrisedmundslaw@gmail.com

                                                        */s/ Mark A. Mintz*
                                                        Mark A. Mintz